## STREETS AND HIGHWAYS.

THE PEOPLE *ex rel.* HOYT *v.* THE SUPERVISORS OF KINGS COUNTY, 16 Wend. 520.

*Authority of Supervisors to review Assessment of Damages by a Jury on laying out Highways in Suffolk, Queens, and Kings Counties. Mandamus.*

IN error.  A jury having been called to assess damages on the laying out of a highway in Kings county, and having assessed the relator's damages at $1,450, the board of supervisors was required to lay a tax upon the town of Brooklyn according to the requirements of the "act regulating highways and bridges in the counties of Suffolk, Queens, and Kings," passed 23d February, 1830.  The board having declined to do so, and proceeded to review the verdict of the jury, an alternative mandamus was issued directing them to impose a tax to satisfy the relator's damages, or to show cause, &c.  Upon a return to the writ setting forth the above facts, and relying for their course on the case of *The People* ex rel. *Patchin* v. *The same Defendants,* 7 Wend. 530, and on demurrer to the return ; the Supreme Court gave judgment for the defendants upon the principles, and for the reasons given in that case.  On writ of error,

The Court of Errors *reversed* the judgment ; holding that the supervisors in those counties, under the act in question, had no power to examine into the principles on which the jury proceeded in making their assessment, or into its fairness or justice.  The Chancellor was of opinion that the *general act* in relation to *highways* which gives the supervisors power to "examine into the principles on which such assessments are made and to increase or reduce the damages as in their judgment should be just and reasonable," (1 R. S. 515, § 69,) did not apply to those counties, and that the difference in the phraseology of the two acts was designed with the express view to continue their local law as it existed at and

before the passage of the act of 23d February, 1830, so that the verdict of the jury should be final and conclusive, as well in respect to the *town*, as the *individual* whose land was taken; and that the supervisors were bound to allow the whole amount, and to levy a tax accordingly.

All the members of the court, with one exception, 25 being present, voted to *reverse* the judgment.

☞ The case of *The People* ex rel. *George M. Patchen* v. *The Supervisors of Kings County*, referred to above, was a case where the commissioners of highways of the town of Brooklyn, had also caused the damages of the owners of lands taken for a highway, to be assessed by a jury. The supervisors returned to the alternative mandamus, that the road was not required for the town of Brooklyn; that two of the commissioners were interested in the laying out of the road, and that the damages were exorbitantly high, &c. On the motion for a peremptory mandamus,

The Supreme Court held, that the supervisors were not concluded by the assessment of a jury or the liquidation of. the commissioners, but might *reduce* the amount certified, . and direct the balance only to be collected.

The court further held that the supervisors have no authority to inquire into the regularity of the proceedings of the commissioners, which can only be reviewed upon *certiorari*.

This decision of the Supreme Court is therefore, as to the question of reviewing and reducing the assessment, entirely *reversed* by the above case in the Court of Errors.